Filed 6/18/14  Piccoli v. Piccoli CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JOSEPH VINCE PICCOLI et. al., | D065264 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. CIVVS901479) |
| CAMILLO ANTHONY PICCOLI et. al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Marsha G. Slough, Judge.  Affirmed.

Gary S. Redinger for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

This appeal arises out of a family trust dispute after the 1999 death of Angelina Piccoli (the decedent). Camillo, Joseph, Nick, Maria, and Vincent Piccoli[1] are the decedent's children and the equal beneficiaries of her estate. The decedent named Camillo as the executor of her estate and trustee of her trust. Starting in 2006, plaintiffs and appellants Nick and Joseph filed lawsuits against Camillo alleging causes of action for, among others, breach of fiduciary duty, fraud, and intentional infliction of emotional distress. At trial on two consolidated cases, Camillo raised a statute of limitations defense. The trial court in a bench trial ruled the statute of limitations barred certain claims. It then granted nonsuit in Camillo's favor on the remaining claims.

Joseph and Nick appeal. Their contentions are not clearly stated in their opening brief. Their claims of error, as we best understand them, are that the court erred by (1) denying their requests for leave to amend their complaint according to proof and for a continuance; (2) taking judicial notice of certain documents in probate court files; (3) bifurcating the trial on the statute of limitations; (4) separating the legal and equitable claims at trial; and (5) finding the statute of limitations barred their claims.

Defendants have not filed a respondents' brief. We do not treat their failure to do so as a default or an admission that the trial court erred (*In re Marriage of Riddle* (2005) 125 Cal.App.4th 1075, 1078, fn. 1), but instead examine the record on the basis of plaintiffs' opening brief for prejudicial error. (See *In re Bryce C.* (1995) 12 Cal.4th 226, 232-233.) We conclude plaintiffs have forfeited their claims by the deficiencies in their briefing, and otherwise have not demonstrated error or prejudice.

---

[1] For clarity, we refer to the parties by their first names. We intend no disrespect.

FACTUAL AND PROCEDURAL BACKGROUND[2]

In April 2006, Nick filed a verified complaint for fraud, breach of fiduciary duties as trustee, and intentional infliction of emotional distress against Camillo and others. Identifying certain real properties that were trust assets, Nick alleged in part that Camillo had misrepresented the value of the estate and its assets. Nick alleged that he petitioned to compel an accounting, but Camillo thereafter convinced him to enter into a settlement agreement by misrepresenting the value of property (the "Rancho property") that the decedent had agreed to designate as belonging to Nick. At some point, that action was dismissed.

In March 2009, Nick initiated a fraud action against Camillo and others. Nick alleged he had recently discovered that certain property located on Sierra Avenue in which he had an interest had been sold, and he sought to recover his share of the sales proceeds as well as punitive damages.

---

[2] Rather than providing a brief that "[s]upport[s] any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears" (Cal. Rules of Court, rule 8.204(a)(1)(C)), plaintiffs set out a lengthy recitation of facts with virtually no support. Their "Statement of Facts" section extends for approximately four pages with a single citation to the reporter's transcript for the proposition that Joseph had owned real property located on Alder Street before his parents owned it. Nor does plaintiffs' opening brief " 'provide a summary of the significant facts limited to matters in the record' " as it must. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; Cal. Rules of Court, rule 8.204(a)(l)(B).) We disregard plaintiffs' lengthy unsupported factual recitation, and glean relevant background and procedural facts from the reporter's and clerk's transcripts.

3

In December 2009, Nick and Joseph filed a third action against Camillo and others for breach of fiduciary duties, identity theft, conversion, real estate fraud, embezzlement, and intentional infliction of emotional distress. Among other things, they alleged Camillo had breached fiduciary duties to the family trust by encumbering, converting or hiding trust assets for his personal use or gain. They alleged the defendants had forged their names on various deeds for properties located on Alder Street, Sierra Avenue, and Taylor Street, and had converted those properties and the Rancho property for their own use. They alleged Camillo embezzled money and committed tax fraud. Camillo filed a notice of related cases identifying the April 2006 and March 2009 actions.

The court consolidated the March 2009 and December 2009 cases, and the matter proceeded to trial. At the outset, the court announced it was going to "put what I understand to be how we are going to proceed as we have discussed in chambers on the record and that is as follows: [¶] Each theory of recovery that is predicated upon a request for equitable relief will be tried first and to the court only and that includes the cause of action that is entitled the breach of fiduciary duty, which . . . is a probate claim in its entirety; the same with the second cause of action, which is entitled identity theft. [¶] . . . [¶] The third cause of action is called conversion of real property. In that cause of action there is a request for legal damages as opposed to equitable relief. [¶] The fourth cause of action is real estate fraud, which really again relates to equitable issues. [¶] The fifth cause of action in the prayer asks for an equitable claim and therefore is an action in equity. [¶] The last cause of action, the intentional infliction of emotional distress, technically is a legal claim." The court asked plaintiffs' counsel to inquire

4

whether his client Nick would agree to a bench trial on his emotional distress claim.[3]

The following colloquy then occurred:

"The Court: So what we know definitely will be tried to me is everything except for Nick's cause of action for the Sierra property and possibly the infliction of emotional distress.

"[Plaintiffs' counsel Redinger]: That's correct.

"The Court: The balance of the claim will be tried to me without a jury. [¶] Is that your understanding, Mr. Redinger?

"[Plaintiffs' counsel Redinger]: I understand that that is what the court intends to do, yes.

"The Court: Well, do you have any comment or objection or anything else you wish the court to consider in that regard? Because my understanding when we were in chambers is you were in agreement with that.

"[Plaintiffs' counsel Redinger]: I understood the court was going to make that decision. There is the Taylor property issue, which I am not sure is equitable. Taylor property—

"The Court: That is the property . . . that Joe Piccoli wants.

"[Plaintiffs' counsel Redinger]: Yes.

"The Court: That is equitable, he wants his property back.

---

3    Plaintiffs and their counsel eventually agreed to waive a jury trial on the remaining issues, and all of their claims were tried to the court.

"[Plaintiffs' counsel Redinger]: Okay, that's fine. [¶] Okay, then, your honor, yes, we do understand it, understand the court's ruling. We will submit on that issue."

The court then addressed Camillo's request to first try the statute of limitations as an affirmative defense and granted it. The court announced: "As we discussed yesterday in our pretrial matters, the equitable causes of action will be tried to the court. The legal causes of action will be separated out and tried to a jury at the appropriate time. [¶] The first matter of business on the equitable causes of action is that the court granted the defense the opportunity to try the statute of limitations issue on the defense."

At trial, the court heard extensive testimony from the parties and witnesses, and admitted documentary evidence. Before issuing its ruling, the court told counsel it was going to give them court files and asked them to "review together in this courtroom those files regarding exhibit [Nos.] 233 and 234. I would also ask that you two look together at those documents that are contained in the court files regarding the request for judicial notice of [exhibits Nos.] 216, 217, 218, 230, 235, 241 and 242. . . . [The court clerk] has the other files if you need to look at any of the other files." Neither counsel objected. After the short recess, the court asked both counsel, "[W]ere there any discrepancies with what was in the book versus what's in the court file?" Counsel agreed that any discrepancies in the exhibits did not affect the substantive issues at trial.[4] Based on

---

4    The record reflects the following colloquy: "The Court: Gentlemen, did you each have an opportunity to go over those together and were there any discrepancies with what was in the book versus what's in the court file? [¶] [Defense counsel]: Yes, some slight discrepancies, but I don't think it's anything that's substantive to the issues that have been argued." Defense counsel explained there were some duplicate pages as to exhibit No. 234, and all of the pages of another exhibit that was in dispute (exhibit C), were in the

counsel's agreement, the court took judicial notice of exhibit Nos. 216, 217, 218, 219, 230, 235, 241 and 242.

After hearing closing arguments, the court ruled the statute of limitations barred Nick's March 2009 claim for fraud.  It first explained it found Nick's credibility to be lacking:  "There was substantive testimony that led me to a firm conclusion that [Nick] has been aware of all the issues surrounding all of the properties related to him and the death of his parents ever since 1999 and 2000 when the probate was initiated.  . . .  [¶] . . . [¶] . . . There is no credible evidence that the complaint of Nick . . . for fraud on real property for damages and for declaratory and punitive relief should survive the statute of limitations."  Next, the court found that the statute of limitations barred plaintiffs' December 2009 claims for breach of fiduciary duties, identity theft, conversion of real property, real estate fraud, embezzlement of corporation funds, and intentional infliction of emotional distress.  It explained, "[W]hen you read that complaint in its entirety, it is nothing but a rehash of all the allegations and the issues that were raised in the probate, that were resolved in the probate, and for the same reasons the statute of limitations as not complied with when his complaint was filed on December 18, 2009."

court file.  Appellants' counsel responded:  "Actually, that's not correct.  One of the pages on that last exhibit [No.] 234 was found in another exhibit.  That was the receipt for the rental.  That was found in a completely other exhibit that was extraneous to the document that was filed.  [¶]  . . . [¶]  His reference only went up to a certain page, however, and that was after, *so it doesn't really affect the document*."  Defense counsel agreed:  "Right. Correct."  Defense counsel then explained that his submitted exhibit No. 235 was missing a page, but that page was in the court file.  The court stated, "Then with that, the court will take judicial notice of exhibit [Nos.] 216, 217, 218, 219, 230, 235, 241 and 242."

7

Finally, the court addressed Nick's claim of a delay in the discovery of his claims: "[A]s it relates to the allegation that there was a delay in discovery, I just simply do not buy that. There was no testimony on Nick's part. There was no testimony on Joe's part. . . . There is nothing to suggest there was a delay in discovery. These are family issues that this family has been fighting over and over for way too long. I do not find that the delayed discovery issue could be well placed."

The parties proceeded the next day to trial on issues pertaining to the Taylor Street property. The court heard testimony and, after making detailed factual and credibility findings, granted a defense motion for nonsuit on the claims.

## DISCUSSION

I. *Effect of Plaintiffs' Failure to Comply with Rules of Court and Appellate Principles*

At the outset, we address arguments that have been forfeited by plaintiffs' failure to comply with the California Rules of Court and other settled principles of appellate review. Rule 8.204 of the California Rules of Court requires each brief to state each point under a discrete heading or subheading summarizing the point. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1294; *Evans v. CenterStone Development Co.* (2005) 134 Cal.App.4th 151, 160.) Though plaintiffs provide a list of issues on page 11 of their opening brief, those issues do not match the headings or order of the argument sections of the brief. And, in the argument sections, plaintiffs have not used proper headings and subheadings. For example, section I of the opening brief is entitled "Neither Party Nor Court was Ready for Trial" with subheadings of "Appellant's prior counsel quit unexpectedly a

8

month before trial," "Amend to Evidence," and "Relation Back Doctrine." In section III of their brief, plaintiffs include under the heading, "Judicial Notice," two subheadings: "Under the provisions of Evidence Code Section 453" and "Insufficient Notice" (some capitalization omitted). Sections IV and V of the brief are entitled "Interruption" and "The Order of the Trial," and contain no meaningful or comprehensible argument for reversal, other than possibly that certain events "caus[ed] the flow of the trial to change" and there are "problem[s]" with the clerk's and reporter's transcripts. "We may disregard arguments not properly presented under appropriate headings." (*Alameida v. State Personnel Bd.* (2004) 120 Cal.App.4th 46, 59.)

Further, in the "Standard of Review" section of their brief, plaintiffs inexplicably cite a federal rule of civil procedure pertaining to motions to dismiss, Rhode Island case authority, and a Ninth Circuit opinion pertaining to the standard for a federal motion to dismiss based on the statute of limitations. Even if these statutes and authorities were relevant to this matter involving a bench trial, we are not bound by them. (*People v. Montes* (2014) 58 Cal.4th 809, 884; *Castaneda v. Department of Corrections and Rehabilitation* (2013) 212 Cal.App.4th 1051, 1074.) Arguments should be tailored according to the applicable standard of appellate review. (*Sebago, Inc. v. City of Alameda* (1989) 211 Cal.App.3d 1372, 1388.) In connection with their arguments, plaintiffs neither cite any applicable state review standard nor tailor any argument to the applicable standard of review. They have effectively shifted the burden of discovering weaknesses or errors on this court, which appellants are not permitted to do. (See *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 102.) We may treat this

9

deficiency as a concession of lack of merit.  (See *Sonic Mfg. Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465; *James B. v. Superior Court* (1995) 35 Cal.App.4th 1014, 1021.)

Finally, many portions of the opening brief do not comply with the requirement that points be supported "by argument and, if possible, by citation of authority."  (Cal. Rules of Court, rule 8.204(a)(l)(B).)  These are too numerous to specify, though we point some instances out below where we attempt to address plaintiffs' arguments.

Given the absence of cogent argument, the failure to apply proper standards of review, and the fact the headings and subheadings fail to summarize the points, we disregard arguments made, if any, in sections IV ("Interruption"), and V ("The Order of the Trial") of appellants' opening brief.

## II.  *Plaintiffs Do Not Demonstrate Prejudice In Any of their Arguments*

Plaintiffs do correctly cite one basic appellate principle in their opening brief: the need to establish error that affects their substantial rights.  They quote Code of Civil Procedure section 475, which provides in part that no judgment may be reversed on the basis of an error or defect in the proceedings unless "a different result would have been probable if such error . . . or defect had not occurred or existed."  (Code Civ. Proc., § 475; *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 201-202; see also Cal. Const., art. VI, § 13 ["No judgment shall be set aside . . . in any cause . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."].)

10

Under this principle, we disregard errors that do not affect plaintiffs' substantial rights. (*Holmes v. California Nat. Guard* (2001) 90 Cal.App.4th 297, 314; *Cucamonga County Water Dist. v. Southwest Water Co.* (1971) 22 Cal.App.3d 245, 262.) It is plaintiffs' burden to affirmatively demonstrate such error by showing that but for the alleged error and in light of the entire record, it is reasonably probable they would have received a more favorable verdict. (*Holmes v. Petrovich Development Co.* (2011) 191 Cal.App.4th 1047, 1073; see *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 801-802.) We will not presume that error is prejudicial. (*Cassim*, at p. 802.)

As we explain in connection with those arguments we can comprehend and address, plaintiffs do not meet this burden to explain how any error resulted in a miscarriage of justice. This flaw alone is a sufficient basis to uphold the judgment.

III. *Arguments Pertaining to Denial of Continuance and Amendment According to Proof*

Plaintiffs' points under section I of their brief (pages 12 through 18) are unclear. They appear to challenge some ruling of the trial court denying them leave to amend according to proof. We discern from the "Issues" section on page 11 of their brief that they also contend the court abused its discretion in denying their request for a continuance. Plaintiffs go on to discuss the "relation back" doctrine (see *Pointe San Diego Residential Community L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP* (2011) 195 Cal.App.4th 265, 276-277), in what appears to be an argument that some amended complaint (it is not clear what proposed amendment they reference) should be deemed to relate back to the filing of an earlier pleading so as to avoid the statute of limitations. The procedural and factual assertions in this section, however, are either unsupported by

11

a record citation, or the record citation does not support the point made.

"The decision to grant or deny a continuance is committed to the sound discretion of the trial court. [Citation.] The trial court's exercise of that discretion will be upheld if it is based on a reasoned judgment and complies with legal principles and policies appropriate to the case before the court. [Citation.] A reviewing court may not disturb the exercise of discretion by a trial court in the absence of a clear abuse thereof appearing in the record. [Citation.] The burden rests on the complaining party to demonstrate from the record that such an abuse has occurred." (*Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 984-985; see Cal. Rules of Court, rule 3.1332(d).)

Similarly, "the allowance of amendments to conform to the proof rests largely in the discretion of the trial court and its determination will not be disturbed on appeal unless it clearly appears that such discretion has been abused. [Citations.] Such amendments have been allowed with great liberality 'and no abuse of discretion is shown unless by permitting the amendment new and substantially different issues are introduced in the case or the rights of the adverse party prejudiced.' " (*Trafton v. Youngblood* (1968) 69 Cal.2d 17, 31, italics omitted.) Code of Civil Procedure section 473 gives courts discretion to allow a party to amend any pleading in furtherance of justice, and such amendments at trial " 'if not prejudicial, are favored since their purpose is to do justice and avoid further useless litigation.' " (*Garcia v. Roberts* (2009) 173 Cal.App.4th 900, 909.)

The issues as to plaintiffs' counsel's purported request for a continuance and to file an amended pleading are forfeited. Plaintiffs do not provide us with a record of their

12

requests or the trial court's ruling, if any, on these matters, from which we could assess the court's exercise of its discretion. Rather, they state in their opening brief, "Appellants['] counsel requested during the meeting in chambers with opposing counsel, to file an amended complaint according to proof, as some of the causes of action were incorrect for what should have been plead." Most of their record citations are to page 8 of the register of actions, which in fact shows the court continued the trial from June 2011 to July 2011 after plaintiffs' counsel was hospitalized.

"Appellate review is generally limited to matters contained in the record. Factual matters that are not part of the appellate record will not be considered on appeal and such matters should not be referred to in the briefs." (*Lona v. Citibank* (2011) 202 Cal.App.4th 89, 102; Cal. Rules of Court, rule 8.204(a)(2)(C).) " 'The reviewing court is not required make an independent, unassisted study of the record in search of error or grounds to support the judgment.' [Citations.] It is the duty of counsel to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal. [Citation.] If no citation 'is furnished on a particular point, the court may treat it as waived.' " (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115.) We deem the points forfeited.

As for the relation back issue, plaintiffs argue: "By filing a notice of related case respondents have invoked the relation back doctrine and the consolidation of the cases made the statutes stop running from the filing of the first complaint in April 2006." This point is unsupported by any record citation showing counsel made such arguments to the trial court, or any trial court ruling on the issue. Plaintiffs point to federal rules of court,

13

and case law generally concerning this doctrine, without applying the legal principles to the facts of this case. Under the relation back doctrine, claims of an amended complaint will relate back to the original complaint for purposes of the statute of limitations where, inter alia, they rest on the same set of general facts, involve the same injury, and refer to the same instrumentality. (*Pointe San Diego Residential Community L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP*, *supra*, 195 Cal.App.4th at pp. 276-277; see *San Diego Gas & Elec. Co. v. Superior Court* (2007) 146 Cal.App.4th 1545, 1549-1550.) Plaintiffs do not present authority supporting the proposition that a notice of related case would invoke this doctrine, nor do they explain how the causes of action asserted in May and December 2009, or later, could have related back to their April 2006 action, when that action had been long dismissed and was no longer pending at the time they purportedly sought leave to amend. They have not demonstrated error, much less prejudicial error, in connection with these points.

IV. *Request for Judicial Notice*

Plaintiffs contend the court abused its discretion by taking judicial notice of documents contained in the San Bernardino County Probate Court files that were not in the courtroom at the time of trial. More specifically, they claim defendants' request was untimely and did not provide them sufficient notice to respond, the exhibits "contained errors," and the court erred because it admitted exhibits having "known" or "obvious" errors "without verifying the documents with the court file for accurateness."

A trial court is authorized to take judicial notice of court records under Evidence Code section 452, subdivision (d). The section also permits the trial court to take judicial

14

notice of the " 'truth of the results reached—in the documents such as orders, statements of decision, and judgments—but [the court] cannot take judicial notice of the truth of hearsay statements in decisions or court files, including pleadings, affidavits, testimony, or statements of fact.' " (*People v. Woodell* (1998) 17 Cal.4th 448, 45.)  A court's decision to take judicial notice of documents, even if erroneous, will not be reversed unless plaintiffs meet their burden to show the error was prejudicial.  (See *Grail Semiconductor, Inc. v. Mitsubishi Electric & Electronics* (2014) 225 Cal.App.4th 786, 799.)

Plaintiffs' challenge to the court's evidentiary ruling is unavailing.  Though it is clear the court files containing the pertinent documents were not in the courtroom when trial began, plaintiffs' counsel did not object to proceeding without them.  Further, the record reflects the court files were eventually delivered to the courtroom, where counsel reviewed them specifically to resolve any discrepancies pertaining to the request for judicial notice.  Indeed, as indicated, the court recessed to allow counsel for both parties to check for any discrepancies together.  After it reconvened, the court asked counsel if any discrepancies existed between the exhibits and court files, and both counsel agreed there were no discrepancies that affected the substantive trial issues.

By failing to object in the trial court on the specific grounds advanced on appeal, plaintiffs forfeited their right to contest the issue on appeal.  (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184-185.)  " ' "An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not presented to the lower

15

court by some appropriate method . . . . The circumstances may involve such intentional acts or acquiescence as to be appropriately classified under the headings of estoppel or waiver . . . . Often, however, the explanation is simply that it is unfair to the trial judge and to the adverse party to take advantage of an error on appeal when it could easily have been corrected at the trial." ' " (*Arabia v. BAC Home Loans Servicing, L.P.* (2012) 208 Cal.App.4th 462, 478.) In short, plaintiffs have not shown the trial court erred by taking judicial notice of certain documents, nor have they established prejudice stemming from any error.

V. *Bifurcation of Statute of Limitations Defense*

Plaintiffs contend the court erred by bifurcating the trial on the statute of limitations defense. They suggest they were surprised by the ruling; that Camillo did not raise the statute of limitations in his mandatory settlement brief or plead laches in his answer, and thus their counsel had no time to respond to the motion or prepare for the separate trial.[5]

---

5    Code of Civil Procedure section 597 provides that where a defendant's answer sets up a statute of limitations defense, the court may, on motion of either party, proceed to trial of the special defense before the trial of any other issue. (Code Civ. Proc., § 597.) Thus, " '[a] separate trial is authorized under that statute when the defendant alleges as an affirmative defense that the action is time-barred or alleges another affirmative defense that is potentially dispositive and that is one " 'not involving the merits of the [plaintiff's cause of] action.' " (*Sahadi v. Scheaffer* (2007) 155 Cal.App.4th 704, 721-722; see also *Baxter v. Peterson* (2007) 150 Cal.App.4th 673, 678 ["Defenses based on the statute of limitations are frequently bifurcated and tried separately from a plaintiff's liability case."].) "This procedure is 'intended to avoid the waste of time and money caused by an unnecessary trial of issues that are moot by reason of the bar of the statute of limitations.' " (*Baxter*, at p. 678.) Plaintiffs do not challenge the trial court's authority to conduct a separate trial on the issue.

16

Plaintiffs present no record citation to Camillo's answer or any other portion of the record suggesting he did not plead the statute of limitations as a defense. Accordingly, we presume in favor of the trial court's order, as we must (*Ellis v. Toshiba America Information Systems, Inc.* (2013) 218 Cal.App.4th 853, 889; *Hirshfield v. Schwartz* (2001) 91 Cal.App.4th 749, 765-766), that Camillo did in fact assert the statute of limitations as an affirmative defense. Further, plaintiffs' assertion that Camillo did not raise the issue before trial is flatly contradicted by the record. Defendants' mandatory settlement conference brief in fact addressed the statute of limitations issue under an "Issues to be Determined" section. Specifically, defendants stated, "Whether the statute of limitations bars all of the claims that [Nick] alleged in the complaint that he filed on April 5, 2006, and which he re-alleged in the complaint that he and Joseph . . . filed on December 18, 2009. This includes all claims alleged by Nick . . . in the December 18, 2009 complaint, except for the personal injury claim for being shot, and the claim alleging the forgery of the deed for the Sierra Avenue commercial property." And on the first day of trial, appellants' counsel acquiesced in the court's order without raising any objection,[6] thus forfeiting any such contention on appeal.

---

[6] On July 19, 2011, the court addressed the respondents' request as follows: "And first there is as set forth in the briefings and in our discussion a claim, an affirmative defense of the statute of limitations and as it relates to that, that issue the court would grant the defendant's request to try that case, that issue first to the jury, and I will reserve on that, whether it will be tried first or concurrent with the legal issues." Plaintiffs' counsel responded: "Within the court's discretion." The court stated, "That is correct," and confirmed that was how they would proceed. Plaintiffs' counsel merely remarked: "Which is a big step."

17

## VI. *The Court's Ruling as to the Statute of Limitations*

Plaintiffs attempt to challenge the trial court's finding that their claims were barred by the relevant statutes of limitation. They assert the court was "not specific as to which statute it depended upon to reach its decision" and also erred by considering the statute of limitations as to Nick's fraud cause of action. According to plaintiffs, Nick did not delay in seeking relief because in November 2004, he filed an objection to the distribution of the decedent's estate. Plaintiffs also challenge the defendants' credibility at trial by arguing, "All throughout the trial the defendants act as if they 'don't recall,' when in fact they recall everything they did."

Plaintiffs have not demonstrated reversible error under the relevant appellate standards. They fail to acknowledge counsel's arguments on the three-year fraud and breach of fiduciary duty statutes of limitations,[7] as well as the trial court's lengthy factual and credibility findings in connection with its ruling, which span approximately seven pages of reporter's transcript. Among other findings, the trial court found Nick had been aware of all of the issues surrounding all of the properties related to him and his parents' death since 1999 and 2000, when probate was initiated. It found one of the deeds was

---

7    The trial court found that Nick's April 2006 complaint alleging inter alia, fraud and breach of fiduciary duty referenced the Rancho and Sierra properties in dispute, as well as other properties; and alleged that Camillo defrauded him and the probate court by misrepresenting the value of the properties, which was "evidence that these issues have been known to [Nick] for a very long time." A cause of action for fraud is governed by a three-year statute of limitations, and under the discovery rule it is "not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." (Code Civ. Proc., § 338, subd. (d).) The statute of limitations for breach of fiduciary duty is three years where the gravamen of the claim is fraud or deceit. (*American Master Lease LLC v. Idanta Partners, Ltd.* (2014) 225 Cal.App.4th 1451, 1479; *Fuller v. First Franklin Financial Corp.* (2013) 216 Cal.App.4th 955, 963.)

improper and had been stricken by another judge.  It found Nick had claimed in 2004 that the parties' settlement agreement was a "false document," and he had at that time alleged irregularities in Camillo's representation and costs relating to the properties in the trust.  It found "[a]ll of these issues as it relates to the properties, the purported settlement, the allegation that Camillo and the execution of his duties as the executor of the estate and handling the trust, all of the allegations that . . . Camillo acted inappropriately have long been known by [Nick]."  It found the December 2009 complaint of Joe and Nick was "nothing but a rehash of all of the allegations and issues that were raised in the probate that were resolved in the probate . . . ."

This court assesses those findings under the substantial evidence standard, by which our review begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, to support the findings below.  (See *Morgan v. Imperial Irrigation District* (2014) 223 Cal.App.4th 892, 916; see also *Crawford v. Southern Pacific Co.* (1935) 3 Cal.2d 427, 429.)  In assessing whether any substantial evidence exists, we view the record in the light most favorable to *defendants*, giving them the benefit of every reasonable inference and resolving all conflicts in their favor.  (*Crawford v. Southern Pacific Co.*, at p. 429.)  It is not our role to reweigh the evidence, redetermine the credibility of the witnesses, or resolve conflicts in the testimony, and we will not disturb the judgment if there is evidence to support it.  (*Morgan v. Imperial Irrigation Dist.*, at p. 916.)  "The trier of fact is the *exclusive* judge of the credibility of the witnesses."  (*Maslow v. Maslow* (1953) 117 Cal.App.2d 237, 243, overruled on other grounds in *Liodas v. Sahadi* (1977) 19 Cal.3d 278, 287.)

19

" 'We emphasize that the test is not the presence or absence of a substantial conflict in the evidence. Rather, it is simply whether there is substantial evidence in favor of the respondent. If this "substantial" evidence is present, no matter how slight it may appear in comparison with the contradictory evidence, the judgment must be upheld. As a general rule, therefore, we will look only at the evidence and reasonable inferences supporting the successful party, and disregard the contrary showing.' " (*Morgan v. Imperial Irrigation Dist.*, *supra*, 223 Cal.App.4th at p. 917, quoting *Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 631.)

Here, the necessary factual predicates to application of the statute of limitations were hotly contested and open to controversy, and the court decided the question after hearing testimony from Camillo and his wife Judy, Nick, Maria, Vincent, Joe and other witnesses. Plaintiffs, however, set forth no cognizable summary of the trial testimony. When our review is for substantial evidence, plaintiffs' failure to set out a fair recitation of the evidence supporting the trial court's findings or its judgment forfeits the issue. " 'Failure to set forth [all of] the material evidence on an issue waives a claim of insufficiency of the evidence.' [Citation.] When parties assert a challenge to the trial court's decision based on the absence of substantial supporting evidence, they ' "are required to set forth in their brief *all* the material evidence on the point and *not merely their own* evidence. Unless this is done the error is deemed to be waived." ' " (*Clark v. Superior Court* (2011) 196 Cal.App.4th 37, 52-53.) Even if we were to consider plaintiffs' entirely unsupported "Statement of Facts," that section of the brief only discusses facts tending to support their position. By doing so and by failing to discuss the

20

evidence presented at trial and whether or not it supports the trial court's findings, plaintiffs have waived their right to challenge the court's ruling as to the statute of limitations.

## DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

McDONALD, J.

21