58 Cal.Rptr.3d 686 (2007)
150 Cal.App.4th 673
Harold BAXTER, Plaintiff and Respondent,
v.
Gail PETERSON, Defendant and Appellant.
No. B188676.
Court of Appeal of California, Second District, Division Five.
May 8, 2007.
*688 Wong & Mak, Fred Wong, Alhambra; Benedon & Serlin, Gerald M. Serlin and Douglas G. Benedon, Los Angeles, for Defendant and Appellant.
Ivie, McNeill & Wyatt, Robert H. McNeill, Jr., Los Angeles, and John C. Fauvre, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
*687 MOSK, J.

INTRODUCTION
Defendant and appellant Gail Peterson appeals from a judgment in favor of plaintiff and respondent Harold Baxter. Baxter claimed that he and Peterson entered into an oral agreement, pursuant to which Baxter would lease a house from Peterson for two years and renovate the house at his own expense. In return, Baxter would have the option to buy the house from Peterson at the end of the lease period. Baxter performed, but Peterson refused to sell Baxter the house when he attempted to exercise the option.
Baxter sued for fraud, alleging that Peterson made the promise with no intent to perform it. Peterson denied the allegations and asserted that Baxter's claim was barred by the statute of limitations because Baxter was on inquiry notice of her alleged wrongdoing more than three years (the period of limitations) prior to his filing the action. The jury returned a general verdict, finding Peterson liable for fraud and awarding Baxter compensatory damages of $250,000. After additional deliberation, the jury also awarded Baxter punitive damages of $75,000.
The jury's general verdict necessarily implied a finding that Baxter's claim was not barred by the statute of limitations. In the unpublished portion of this opinion, we conclude that substantial evidence supports this finding. We also hold, however, that the trial court erroneously instructed the jury on both liability and damages issues, and that those errors were prejudicial. Specifically, with respect to the fraud claim, the trial court erroneously instructed the jury that without the consideration of other evidence, a promisor's failure to perform warrants the inference that the promisor did not intend to perform when the promise was made. This instruction is contrary to the law established in Tenzer v. Superscope, Inc. (1985) 39 Cal.3d 18, 216 Cal.Rptr. 130, 702 P.2d 212 (Tenzer). The trial court also erroneously instructed the jury that Baxter was entitled to a benefit-of-the-bargain measure of damages in connection with his fraud claim, contrary to Civil Code section 3343.
In the published portion of this opinion, we conclude that the reversal on the liability issue does not require a retrial of Peterson's statute of limitations defense. The erroneous instruction with regard to liability had no effect on that defense, and neither the trial court nor the parties should bear the burden and expense of a retrial on a distinct issue properly decided by the jury. We further conclude that Baxter *689 failed to introduce sufficient evidence of Peterson's financial condition to sustain an award of punitive damages. Because we reverse the punitive damage award on grounds of insufficient evidence, that issue cannot be retried. We therefore affirm in part, reverse in part, and remand the matter to the trial court for retrial on the issues of liability and compensatory damages.

BACKGROUND[**]

DISCUSSION
A.-C.[**]

D. Our Reversal and Remand on the Issue of Liability Does Not Require Reversal of the Decision on the Statute of Limitations Defense

We have concluded that there is substantial evidence that Baxter did not have sufficient notice of Peterson's alleged fraud at a time that would result in his claim being barred by the statute of limitations. We have also held that in connection with the fraud claim, the instruction providing that without consideration of other evidence, the failure to perform a promise can warrant an inference of a lack of intent to perform the promise when made, constituted prejudicial error requiring reversal as to liability.
Our reversal and remand on the issue of liability does not require a retrial of Peterson's statute of limitations defense, even though the jury returned only a general verdict, and thus did not render a special verdict on the limitations issue. A general verdict implies a finding in favor of the prevailing party of every fact essential to support that verdict. (Henderson v. Harnischfeger Corp., supra, 12 Cal.3d at p. 673, 117 Cal.Rptr. 1, 527 P.2d 353; 7 Witkin, Cal. Procedure (4th ed. 1997) Trial, § 351, p. 399.) "It is a firmly established principle of law that `[t]he appellate courts have power to order a retrial on a limited issue, if that issue can be separately tried without such confusion or uncertainty as would amount to a denial of a fair trial.'" (Torres v. Automobile Club of So. California (1997) 15 Cal.4th 771, 776, 63 Cal.Rptr.2d 859, 937 P.2d 290.) Accordingly, "an appellate court in reversing a case for an error at the trial, upon finding that one issue ... is not tainted by any error, may order a limited new trial." (Baxter v. Phillips (1970) 4 Cal.App.3d 610, 616-617, 84 Cal.Rptr. 609; see Gillan v. City of San Marino (2007) 147 Cal. App.4th 1033, 1053-1054, 55 Cal.Rptr.3d 158 [affirming verdict on liability and punitive damage issues but reversing for retrial of limited issue of compensatory damages]; Valentine v. Baxter Healthcare Corp. (1999) 68 Cal.App.4th 1467, 1478, 81 Cal.Rptr.2d 252 ["There is no constitutional impediment to a retrial of a limited issue, so long as that issue is sufficiently distinct and severable from the others that a limited retrial would not result in an injustice"]; see also 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 779, pp. 806-807 ["Where the appeal is from the whole judgment, the reversal may permit the trial court's determination of certain issues to stand but direct the retrial of a particular issue or issues"].)
Defenses based on the statute of limitations are frequently bifurcated and tried separately from a plaintiffs liability case. (Code Civ. Proc., § 597 [special defenses to be tried separately upon court's own motion or motion of any party]; see generally, 1 Schwing, Cal. Affirmative Defenses (2007 ed.) Statute of Limitations, § 25:79, pp. 1612-1614 (Schwing).) This procedure is "intended to avoid the waste of time and money caused by an unnecessary trial of issues that are moot by reason *690 of the bar of the statute of limitations." (Schwing, supra, at p. 1613, fns. omitted.) Neither the parties nor the trial court should bear the burden and expense of retrying a distinct issue that a properly instructed jury has already decided.
Peterson's limitations defense was sufficiently distinct so that affirming the jury's verdict on this limited issue will not deprive Peterson of a fair retrial on the liability issue. Although some of the evidence introduced at trial was relevant to both the limitations and liability issues, removing the limitations issue from the case will not prevent Peterson from introducing that same evidence in a retrial on liability. Peterson had a full and fair opportunity to litigate the statute of limitations issue; the jury necessarily found against her in rendering its general verdict for Baxter. "To not honor the jury's verdict on th[e limitations defense] would mean [Baxter] would lose an advantage fairly won." (Valentine v. Baxter Healthcare Corp., supra, 68 Cal.App.4th at p. 1479, 81 Cal.Rptr.2d 252.) Accordingly, we affirm the jury's verdict on the statute of limitations defense. That issue is not to be retried on remand of this matter to the trial court.

E. On Remand, the Jury Instructions on the Measure of Damages Must Be Consistent with Civil Code Section 3343[***]

F. The Punitive Damages Award Is Not Supported by Substantial Evidence and May Not Be Retried

Peterson argues that Baxter failed to introduce sufficient evidence of Peterson's financial condition to support the jury's award of punitive damages. We agree.
Civil Code section 3294, subdivision (a) permits an award of punitive damages "for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." We review the trial court's award of punitive damages for substantial evidence. (Kelly v. Haag (2006) 145 Cal.App.4th 910, 916, 52 Cal.Rptr.3d 126.) "An award of punitive damages hinges on three factors: the reprehensibility of the defendant's conduct; the reasonableness of the relationship between the award and the plaintiffs harm; and, in view of the defendant's financial condition, the amount necessary to punish him or her and discourage future wrongful conduct. (Neal v. Farmers Ins. Exchange (1978) 21 Cal.3d 910, 928 & fn. 13 [148 Cal.Rptr. 389, 582 P.2d 980] (Neal); Adams v. Murakami (1991) 54 Cal.3d 105, 110 [284 Cal.Rptr. 318, 813 P.2d 1348] (Adams).)" (Kelly v. Haag, supra, 145 Cal.App.4th at p. 914, 52 Cal.Rptr.3d 126.) Only the third factor is at issue in this case.
"[O]bviodsly, the function of deterrence ... will not be served if the wealth of the defendant allows him to absorb the award with little or no discomfort. [Citations.] By the same token, of course, the function of punitive damages is not served by an award which, in light of the defendant's wealth ... exceeds the level necessary to properly punish and deter." (Neal v. Farmers Ins. Exchange (1978) 21 Cal.3d 910, 928 & fn. 13, 148 Cal.Rptr. 389, 582 P.2d 980.) A punitive damage award "can be so disproportionate to the defendant's ability to pay that the award is excessive for that reason alone." (Adams v. Murakami (1991) 54 Cal.3d 105, 111, 284 Cal.Rptr. 318, 813 P.2d 1348, italics omitted; see also Simon v. San Paolo U.S. Holding Co., Inc., supra, 35 Cal.4th at p. 1185, 29 Cal.Rptr.3d 379, 113 P.3d 63.) Accordingly, "an award of punitive damages *691 cannot be sustained on appeal unless the trial record contains meaningful evidence of the defendant's financial condition." (Adams, supra, 54 Cal.3d at p. 109, 284 Cal.Rptr. 318, 813 P.2d 1348.) "Without such evidence, a reviewing court can only speculate as to whether the award is appropriate or excessive." (Id. at p. 112, 284 Cal.Rptr. 318, 813 P.2d 1348.) Plaintiff bears the burden of proof. (Id. at p. 119, 284 Cal.Rptr. 318, 813 P.2d 1348.)
The court in Adams, supra, 54 Cal.3d at p. 116, fn. 7, 284 Cal.Rptr. 318, 813 P.2d 1348, declined "to prescribe any rigid standard for measuring a defendant's ability to pay." Net worth is the most common measure, but not the exclusive measure. (Rufo v. Simpson (2001) 86 Cal. App.4th 573, 621, 624-625, 103 Cal.Rptr.2d 492 [evidence that defendant was "a wealthy man, with prospects to gain more wealth in the future"]; see Zaxis Wireless Communications, Inc. v. Motor Sound Corp. (2001) 89 Cal.App.4th 577, 582-583, 107 Cal.Rptr.2d 308 ["Net worth is too easily subject to manipulation to be the sole standard for measuring a defendant's ability to pay"].) In most cases, evidence of earnings or profit alone are not sufficient "without examining the liabilities side of the balance sheet." (Kenly v. Ukegawa, supra, 16 Cal.App.4th at p. 57, 19 Cal. Rptr.2d 771, italics omitted; Robert L. Cloud & Associates, Inc. v. Mikesell (1999) 69 Cal.App.4th 1141, 1152, 82 Cal.Rptr.2d 143; Lara v. Cadag (1993) 13 Cal.App.4th 1061, 1064-1065, 16 Cal.Rptr.2d 811.) "What is required is evidence of the defendant's ability to pay the damage award." (Robert L. Cloud & Associates, Inc. v. Mikesell, supra, 69 Cal.App.4th at p. 1152, 82 Cal.Rptr.2d 143.) Thus, there should be some evidence of the defendant's actual wealth. Normally, evidence of liabilities should accompany evidence of assets, and evidence of expenses should accompany evidence of income.
Baxter failed to present meaningful evidence of Peterson's liabilities, or other evidence, that would indicate her ability to pay a punitive damage award. The relevant evidence shows the following:
 Peterson is employed as a prosecutor by the Los Angeles City Attorney's Office. There is no evidence, however, regarding her salary or other compensation, or her personal indebtedness.
 Peterson owns the house in question, which she estimated at the time of trial to be worth $700,000 to $750,000, and which generates monthly rental income of $1,000. There is no evidence regarding whether or to what extent the house is mortgaged or otherwise encumbered, or to what extent, if any, the rental income generates net profit.
 Peterson owns another house, near the house in question, which she estimated to be worth $800,000. Again, there is no evidence regarding whether or to what extent this house is mortgaged or otherwise encumbered.
 Peterson owns and "operates" (i.e., rents) two single family residences and one multi-family residence, and owns but does not "operate" five single family homes and one multi-family residence. (The record is unclear whether these include the two houses referred to above.) Other than the two properties referred to above, there is no evidence regarding the value of these properties, the amount of income they generate, the extent to which they are mortgaged or otherwise encumbered, or whether Peterson "operates" her rental houses at a profit.
In sum, although the record shows that Peterson owns substantial assets, it is silent with respect to her liabilities. The *692 record is thus insufficient for a reviewing court to evaluate Peterson's ability to pay $75,000 in punitive damages. (See Kelly v. Haag, supra, 145 Cal.App.4th at p. 917, 52 Cal.Rptr.3d 126 [reversing punitive damage award when "there was no evidence of any encumbrances on the [defendants'] properties at the time of trial, or of other liabilities [defendant] may have had"].) We therefore reverse the punitive damages award.
Baxter had "a full and fair opportunity to present his case for punitive damages, and he does not contend otherwise." (Kelly v. Haag, supra, 145 Cal.App.4th at p. 919, 52 Cal.Rptr.3d 126.) When a punitive damage award is reversed based on the insufficiency of the evidence, no retrial of the issue is required. (Id. at pp. 919-920, 52 Cal.Rptr.3d 126.) Accordingly, on remand, the issue of punitive damages shall not be retried.

DISPOSITION
The verdict on the statute of limitations issue is affirmed. The verdicts on liability and punitive damages are reversed. The trial court is instructed on remand to reinstate Baxter's quantum meruit claim, and to limit any retrial to the issues of liability and compensatory damages, measured in a manner consistent with Civil Code section 3343. No costs are awarded.
ARMSTRONG, Acting P.J., and KRIEGLER, J., concur.
NOTES
[*] Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of Background and Discussion, parts A, B, C, and e.
[**] See footnote *, ante.
[***] See footnote *, ante.