Filed 9/12/13  Duncan v. Duncan CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| EDWARD E. DUNCAN,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>MIRIAN DUNCAN, Individually and as Trustee, etc.,<br><br>        Defendant and Appellant. | A134549<br><br>(Alameda County<br>Super. Ct. No. VG07-313919) |

This case arises out of the efforts of defendant Mirian Duncan to deprive her former husband, plaintiff Edward E. Duncan, of his right to a one-half interest in the home of her uncle, Henry Rodriguez, following his death in 2007 after years of care provided to him by plaintiff.  The trial court found that after marital difficulties arose between plaintiff and defendant, defendant caused Rodriguez to change the terms of his trust so that plaintiff would no longer have a one-half interest in the home upon Rodriguez's death and concealed that change from plaintiff thereby inducing him to continue supporting Rodriguez.

The trial court's statement of decision and judgment awarded plaintiff a one-half interest in the property valued at between $700,000 and $750,000 and ordered imposition of a constructive trust to protect that interest.  The court also determined that defendant engaged in a "clear and deliberate attempt to defraud" plaintiff, and awarded him $50,000 in punitive damages based upon the evidence of plaintiff's expenditures on the house, the

1

benefit defendant would otherwise receive from those expenditures and plaintiff's efforts, and the reasonable value of the house as improved by plaintiff.

However, the trial court's judgment did not fully resolve all of the causes of action raised in plaintiff's complaint. We therefore conclude that the court's judgment is not a final determination on the rights of the parties, and, thus, that we have no jurisdiction to consider the parties' assertions of error. Because the judgment cannot be amended to be a final judgment without further judicial proceedings, we must dismiss the appeals for lack of appellate jurisdiction.

The matter is returned to the trial court for further proceedings leading to entry of a final judgment that resolves all of plaintiff's causes of action.

## BACKGROUND

Plaintiff filed his first amended complaint, the operative complaint in the case, on August 20, 2007. In addition to defendant, individually and as trustee of the Henry Rodriguez 1998 Revocable Trust (the trust), the complaint also named as defendants: (1) the estate of Rodriguez; (2) Norberto Ruiz; (3) Yolanda Ruiz Nishiyama; and (4) all persons claiming a legal or equitable interest in the property. Only defendant, individually and as trustee of the trust, is a party to this appeal. We summarize the allegations made in the complaint only to the extent necessary for an understanding of plaintiff's causes of action.

Plaintiff maintained that in 1997 or 1998, the Duncans[1] entered into an oral contract with defendant's uncle, Rodriguez, whereby they promised to move into Rodriguez's home, make repairs and improvements to the home, and care for Rodriguez, who was 84 years old and had just undergone heart bypass surgery, for the rest of his life. In return, Rodriguez promised that his home would belong to the Duncans, "equally, as their joint and/or community property" after his death. Rodriguez then transferred title to the property to the trust and designated the Duncans as beneficiaries of the trust. Plaintiff

_____

[1] We use "the Duncans" to refer to plaintiff and defendant collectively.

2

alleged that he fully performed his part of the contract with Rodriguez up to the time of Rodriguez's death in 2007.

Plaintiff alleged that in 2006, after the Duncans began experiencing marital difficulties, defendant planned or conspired with her siblings, Ruiz and Nishiyama, to cause Rodriguez to modify the trust to remove plaintiff as a beneficiary. Rodriguez executed an amendment to the trust in 2006 that named defendant, Ruiz, and Nishiyama as the trust beneficiaries, removing plaintiff as a beneficiary.

The complaint asserted the following causes of action: (1) breach of contract; (2) breach of fiduciary duty, in violation of Family Code sections 721 and 1100, et seq.; (3) intentional interference with business relations; (4) intentional interference with contract; (5) declaratory relief, seeking a court ruling on plaintiff's rights to the property; (6) quiet title; (7) formation of a constructive trust on the property; (8) breach of fiduciary duty and misappropriation of community assets, in violation of Family Code sections 721 and 1100, et seq.; (9) relief in the form of specific performance, causing the property to be transferred to his ownership; (10) a declaration estopping defendants from asserting the statute of frauds; (11) conspiracy by the defendants to deprive plaintiff of his interest in the property; (12) breach of contract to convey the property upon death; and (13) partition of the property.

The court held a bench trial, commencing on August 23, 2010, and proceeding over portions of 11 days, ending on September 13, 2010. During trial, the court expressed its reluctance to delve into family law issues, in particular the issues of community versus separate property: "This court isn't really—the issue I have to decide is does [plaintiff] have an interest in it? If he does have an interest in it, shouldn't the family court decide the very issues that you're trying to have me decide? Seems to me we'll end up in a possible conflict of opinions between this court and a family court. If I were to try to make that decision, family court would have all of the issues relating to what is community and what is separate in front of it at the time. It seems to me that's a more appropriate decision for the family court to make."

The court stated further: "Family courts every day deal with the decision as to whether or not something is separate or community property. . . . I make decisions relating to whether or not someone has an interest in property, but I don't generally get into the family law side, which is community versus separating [*sic*]. In other words, whether or not it was acquired by devise, or will, or trust, those do come up. But it's generally a decision that is made in the family court." [¶] And if I make it here, if I find there is an agreement—and that's a big 'if'—if I find there is an agreement and . . . [plaintiff] is entitled to an interest, it seems to me that I am making a decision that then from which [*sic*] the family court can then build to be able to decide whether it's a community or separate interest. [¶] So I am expressing that again, as I expressed the earlier concerns, I want to make sure that you understand—both sides understand what my predilection is, if I can use that term."

The court filed a statement of decision and judgment on November 14, 2011. In stating its findings and in granting relief to plaintiff, the court did not reference plaintiff's causes of action. The court made no findings of fact directed to the family law causes of action and did not specifically relate its findings of fact to any of the torts alleged in the complaint. The statement of decision did find that, although the trust, with the Duncans named as beneficiaries, preceded the oral contract that plaintiff had alleged, the oral agreement had been formed and plaintiff had fully performed. The court declared that plaintiff had a one-half interest in the property and imposed a constructive trust to protect that interest. The court also determined that defendant's representations to plaintiff that no changes had been made to the trust in 2006 were intended to defraud plaintiff and the court imposed punitive damages of $50,000. In addition, the court ordered that plaintiff was to recover costs and attorneys fees from defendant.[2]

---

[2] Although the court found that plaintiff had lived up to his end of the bargain, and expended substantial sums of largely separate property in reliance on the promise that he would receive a one-half interest in the property, the court did not award compensatory damages.

4

On December 8, 2011, defendant filed a motion for a new trial.  The court held a hearing on January 9, 2012, and denied the motion, but also modified the judgment to remove the award of attorneys fees.  Defendant had argued that there was no statutory basis for an award of attorneys fees.

Defendant filed a notice of appeal on February 9, 2012.  Plaintiff filed a notice of appeal on February 29, 2012.  Plaintiff includes among his issues on appeal the trial court's failure to explicitly dispose of all of his causes of action.

On March 23, 2012, the court held a hearing on plaintiff's request for an amended statement of decision, a request that was due to the court's failure to address the family law issues in its judgment.[3]  The court stated:  "I thought I had made it very clear in the hearing that I was not addressing any of the issues of the family court; such as, what is community property.  There wasn't evidence in front of me from which I could, in fact, make a knowledgeable ruling in regard to that because of the various issues that, you know, I think were left—I think the evidence left subject to family court . . . ."  The court did not believe that it had jurisdiction to amend the judgment because appeals had been filed.  However, the court stated:  "I think that it would not be in violation of any of the rules regarding appeal for me to—to have a—basically a—I don't know what the title to it would be right at the moment, just off hand . . . an information be supplied . . . to the appellate court that it was the intention, at all times, that I not take jurisdiction or deal with the issue of the community versus separate property status of any of the property."

---

[3]  Plaintiff was attempting to pursue his causes of action that involved family law in a separate family law case, but explained to the court:  "So we submitted to the court, end of January, a amendment to the Amended Statement of Decision, and it was received here and then came back to us, I guess, in anticipation of this hearing, the proposed amendment, which would specifically state that those were not dealt with and they are referred back to the family law court.  Otherwise, we were whipsawed by it not being heard here, and the court declined to review them and make a ruling on them, but in the family law court, the argument is, well, since the court didn't rule on them, it, thereby, impliedly denied them and, therefore, they can't be brought up in the family law court." (*Sic.*)

5

## DISCUSSION

Although the parties' briefs do not raise the issue of appealability, "we are dutybound to consider it on our own motion." (*Olson v. Cory* (1983) 35 Cal.3d 390, 398.) Our jurisdiction to hear an appeal is governed by Code of Civil Procedure sections 904 et seq.[4] The appeals in the instant case purport to proceed from a judgment, pursuant to section 904.1, subdivision (a)(1). A judgment is defined in section 577 as "the final determination of the rights of the parties in an action or proceeding."

"In 'determining whether a particular decree is essentially interlocutory and nonappealable, or whether it is final and appealable . . . [i]t is not the form of the decree but the substance and effect of the adjudication which is determinative. As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' " (*Belio v. Panorama Optics, Inc.* (1995) 33 Cal.App.4th 1096, 1101–1102, quoting *Lyon v. Goss* (1942) 19 Cal.2d 659, 669–670; see also *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 699 (*Griset*).)

"A judgment that disposes of *fewer* than all of the causes of action framed by the pleadings . . . is necessarily 'interlocutory' [citation], and not yet final, as to any parties between whom another cause of action remains pending." (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 741 (*Morehart*).) The *Morehart* court held "that an appeal cannot be taken from a judgment that fails to complete the disposition of all the causes of action between the parties even if the causes of action disposed of by the judgment have been ordered to be tried separately, or may be characterized as 'separate and independent' from those remaining." (*Id.* at p. 743.) The court concluded: "Because the trial court's

---

[4] Unless otherwise indicated, further statutory references are to the Code of Civil Procedure.

judgment in favor of plaintiffs did not complete the disposition of all of plaintiffs' causes of action against defendant county, the judgment was not appealable."

The California Supreme Court reiterated in *Griset* that *Morehart* "rejected the notion that a party could appeal from a judgment that failed to dispose of all causes of action between the parties." (*Griset*, *supra*, 25 Cal.4th at p. 698.)

Here, the trial court issued no orders that removed the family law issues from the case. At the March 23, 2012 hearing, the parties did not dispute and the trial court made clear that the judgment had not disposed of all of plaintiff's causes of action. If a court were to find for plaintiff on his family law claims, the court would be able to consider relief in addition to that which plaintiff has already been granted, so the issues that remain are not nugatory.[5]

We must conclude that the judgment of the trial court was not a final judgment, as required by section 904.1, because it did not resolve all of plaintiff's causes of action and failed to reach a final determination of the rights of the parties. The trial court may order a separate trial on some causes of action, and because of their nature, that trial may be held in a different department of the superior court. But until all of plaintiff's causes of action have been resolved, in whatever department or departments, there is not a final judgment.

In some cases, an appellate court may consider an appeal when a judgment fails to resolve all causes of action if the record or the law provides a basis for a resolution of the causes of action in question. In such a case, "the order appealed from may be amended so as to convert it into a judgment encompassing actual determinations of all remaining issues by the trial court or, if determinable as a matter of law, by the appellate court, and the notice of appeal may then be treated as a premature but valid appeal from that judgment." (*Morehart*, *supra*, 7 Cal.4th at p. 740.) In this case, however, the unresolved

_____

[5] Family Code section 2030, subdivisions (c) and (d), might entitle plaintiff to an award of attorneys fees. Family Code section 2602 would authorize the court to grant plaintiff an additional interest in the property if he prevails on his claim for misappropriation of community assets.

7

claims involve issues of fact and law that were not determined by the trial court. Consequently we are unable to order an amendment to the judgment that would make it final.[6]

Finding that the judgment in this case was not final, we lack jurisdiction to hear the appeals and must dismiss them.

Because we dismiss the appeals, we do not address the merits of the issues that plaintiff and defendant raise. However, once a final judgment is issued, these issues may come before us again, and we would find it useful for the trial court to elucidate the following in its final judgment: (1) the tort theory upon which the court is relying for imposition of punitive damages; (2) whether the court based the punitive damages on clear and convincing evidence of fraud; (3) why punitive damages may be appropriate even though no compensatory damages were awarded; and (4) an explanation of how the court was able to determine defendant's ability to pay the punitive damage award, despite the guidance of *Baxter v. Peterson* (2007) 150 Cal.App.4th 673, 680 that "[n]ormally, evidence of liabilities should accompany evidence of assets, and evidence of expenses should accompany evidence of income."

We also remind defendant that it is well-established that when an appellate court reviews sufficiency of the evidence to support the judgment, that review is for substantial evidence. (*In re Stephen W.* (1990) 221 Cal.App.3d 629, 642). In addition, the testimony of a single witness may constitute substantial evidence (*Duchrow v. Forrest* (2013) 215 Cal.App.4th 1359, 1376) and the review for substantial evidence is unaffected by the standard of proof by which the trier of fact must reach its findings (*In re Angelique C.* (2003) 113 Cal.App.4th 509, 519).

---

[6] Plaintiff's request to the trial court that the judgment be amended to explicitly reflect the fact that the court had not dealt with the family law issues would not have made the judgment final; it would have made it non-final on its face.

## DISPOSITION

The appeals are dismissed.  The superior court retains jurisdiction until it issues a final judgment.

_____
Brick, J.*


We concur:


_____
Kline, P.J.


_____
Haerle, J.


\* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.