**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

AUG 15 2018

FOR THE NINTH CIRCUIT

MIGHTY ENTERPRISES, INC., doing business as Mighty USA,

Plaintiff-Appellee,

v.

SHE HONG INDUSTRIAL CO. LTD.,

Defendant-Appellant,

and

DOES, 1-10,

Defendant.

No. 16-56909

D.C. No. 2:14-cv-06516-JCG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jay Gandhi, Magistrate Judge, Presiding

Argued and Submitted July 11, 2018
Pasadena, California

Before: FISHER,[**] WATFORD, and FRIEDLAND, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

She Hong Industrial appeals from the District Court's entry of final judgment after a jury trial and the District Court's denial of its post-trial motions. On appeal, She Hong challenges the District Court's refusal to give a jury instruction, the admission of an expert's testimony, and the award of punitive damages. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the District Court's determinations on the jury instructions and expert testimony, thereby affirming the award of compensatory damages. We reverse the award of punitive damages.

She Hong is a machining equipment and parts manufacturer in Taiwan. For many years, Mighty Enterprises served as She Hong's exclusive distributor in the United States. The two companies never had a written distribution agreement. After the distribution relationship ended, Mighty sued She Hong for, *inter alia*, breach of oral contract, breach of implied contract, fraud, and tortious interference with contractual business relations. A jury awarded approximately $6 million in compensatory damages and $6 million in punitive damages.

1. If a district court's instructions "fairly and adequately covered the issues presented and provided [the party] with ample room to argue [its] theory of the case to the jury," there is no error. *Brewer v. City of Napa*, 210 F.3d 1093, 1097 (9th Cir. 2000) (quotation marks, citation, and alteration omitted) (quoting *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996)). Here, She Hong challenges the

16-56909

District Court's refusal to provide an instruction on California Commercial Code § 2309, which relates to reasonable notice of termination for contracts of indefinite duration. However, the absence of this instruction did not limit the defense's ability to present its theory and therefore did not constitute error. She Hong had not established any foundation before the District Court for the application of § 2309 because its theory of the case was that it never terminated the agreement, not that it had provided reasonable notice of termination in accordance with § 2309.

She Hong sought the instruction to clarify that damages should be limited to a reasonable notice period after which it otherwise could have terminated the arrangement. But the instructions provided by the District Court sufficiently established that compensatory damages were only meant to make Mighty whole, so the requested instruction would not have provided any added clarity on this point. We conclude that the given instructions "fairly and adequately cover[ed] the issues presented, . . . correctly state[d] the law, and [were] not . . . misleading." *Clem v. Lomeli*, 566 F.3d 1180, 1181 (9th Cir. 2009) (quoting *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005)).

2. The admission of expert testimony is reviewed for abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 139 (1997). She Hong's challenge to Mighty's expert, namely that he parroted certain costs from amounts provided to him by Mighty, does not render the testimony inadmissible. It is relevant to the

persuasiveness of his testimony, not its admissibility. *See Alaska Rent–A–Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 970 (9th Cir. 2013); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1018 n.14 (9th Cir. 2004).

The expert never purported to have independently verified the accuracy of the numbers provided to him by Mighty, and those numbers had already been admitted into evidence through a Mighty employee. Experts can rely on data provided to them without independent verification because the "factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Hangarter*, 373 F.3d at 1018 n.14 (quoting *Children's Broad. Corp. v. Walt Disney Co.*, 357 F.3d 860, 865 (8th Cir. 2004)). Similarly, the District Court did not err in admitting the expert's testimony that he had been informed by Mighty that the resale value of its She Hong inventory was zero. If the machines did have resale value, She Hong had the opportunity on cross to discredit him.

She Hong's second argument, that the expert's use of a ten-year period for lost future profits rendered his testimony inadmissible, also fails. An expert can use assumptions, inferences, and comparisons. Such assumptions are admissible; their reliability is impeachable. *Alaska Rent–A–Car*, 738 F.3d at 969.

3. The availability of punitive damages is reviewed de novo. *Hangarter*, 373 F.3d at 1013. "[A]n award of punitive damages cannot be sustained on appeal

unless the trial record contains meaningful evidence of the defendant's financial condition," and the party seeking punitive damages bears that burden. *Adams v. Murakami*, 813 P.2d 1348, 1349 (Cal. 1991). Mighty did not satisfy that burden.

Mighty offered no proof of She Hong's assets or liabilities and no meaningful evidence of its financial condition. It argued to the jury that because She Hong claims on its website to be Taiwan's largest manufacturer of machine tools, because its facilities in Taiwan exceed 80,000 square meters, and because the machines it sells cost a half million to a million dollars each, She Hong had the ability to pay. However, proof of size is not equivalent to proof of financial condition. "The California Supreme Court has declined to prescribe any particular standard for assessing a defendant's ability to pay punitive damages, but it has held that actual *evidence* of the defendant's financial condition is essential." *Kelly v. Haag*, 52 Cal. Rptr. 3d 126, 128 (Cal. Ct. App. 2006) (citation omitted). Mighty's contention that, to prove financial condition, it was sufficient to indicate She Hong's size and activities outside of the United States is not supported by the case law.

Although California courts do not have a rigid requirement for the method of proof, "[n]ormally, evidence of liabilities should accompany evidence of assets." *Baxter v. Peterson*, 58 Cal. Rptr. 3d 686, 691 (Cal. Ct. App. 2007) (reversing punitive damages award where record included no evidence of liabilities); *see*

*Adams*, 813 P.2d at 1353 ("Sound public policy should preclude awards based on mere speculation."). Mighty did not come close to the level of proof of financial condition that California courts have recognized as sufficient. *See Zaxis Wireless Commc'ns, Inc. v. Motor Sound Corp.*, 107 Cal. Rptr. 2d 308, 312–13 (Cal. Ct. App. 2001); *Pfeifer v. John Crane, Inc.*, 164 Cal. Rptr. 3d 112, 142 (Cal. Ct. App. 2013), *as modified on denial of reh'g* (Nov. 27, 2013).

Mighty's limited evidence of the size of She Hong's facilities and the price of its machines was insufficient because Mighty offered no evidence of She Hong's liabilities or even evidence that She Hong owned those facilities. In addition, Mighty told the District Court that it had no financials from She Hong and claimed, without support, that there was no way for it to get such information. Mighty was free to seek discovery to obtain this evidence, but declined to do so. By failing to present evidence of She Hong's actual assets and liabilities, Mighty failed to meet its burden. We reverse the punitive damages award.

**AFFIRMED in part, REVERSED in part.**

16-56909