**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOWNSEND FARMS, INC., | No. 18-55067 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 8:15-cv-00837-DOC-JCG |
| v. | |
| UNITED JUICE CORP., | MEMORANDUM* |
| Defendant-Appellant, | |
| GÖKNUR GIDA MADDELERI ENERJI IMALAT ITHALAT IHRACAT TICARET VE SANAYI A.S, DBA Göknur Foodstuffs Import Export Trading and Production Co., a Turkish corporation doing business in California, | |
| Defendant-counter-claimant-Appellant. | |

| | |
|---|---|
| TOWNSEND FARMS, INC., | No. 18-55068 |
| Plaintiff-counter-defendant-Appellant, | D.C. No. 8:15-cv-00837-DOC-JCG |
| v. | |
| UNITED JUICE CORP., a New Jersey | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

corporation doing business in California,

Defendant-Appellee,

GÖKNUR GIDA MADDELERI ENERJI IMALAT ITHALAT IHRACAT TICARET VE SANAYI A.S, DBA Göknur Foodstuffs Import Export Trading and Production Co., a Turkish corporation doing business in California,

Defendant-counter-claimant-Appellee.

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 5, 2019
Pasadena, California

Before: MURGUIA and HURWITZ, Circuit Judges, and GUIROLA,** District Judge.

Townsend Farms, Inc. ("Townsend") included pomegranate arils supplied by Göknur Gida Maddeleri Enerji Imalat Ithalat Ihracat Ticaret ve Sanayi A.Ş. and United Juice Corp. (collectively, "Göknur") in its Townsend Farms Organic Antioxidant Blend (the "Antioxidant Blend"). Some of those arils were contaminated with hepatitis A. After consumers of the frozen fruit mixture

** The Honorable Louis Guirola, Jr., United States District Judge for the Southern District of Mississippi, sitting by designation.

contracted the virus, Townsend recalled the product in coordination with the Food and Drug Administration and the Center for Disease control and Prevention. In the wake of the Outbreak and subsequent recall of the Antioxidant Blend, injured consumers filed numerous lawsuits against Townsend. Townsend and its insurance companies defended and settled most of those lawsuits.

Townsend then sued Göknur seeking equitable indemnity for the entire cost of defending and settling the consumer lawsuits. Göknur raised a counterclaim arguing that Townsend's recall press releases constituted false advertising under the Lanham Act.

Before trial, the parties stipulated that Townsend and its insurers incurred $13,705,832.43 in litigation and settlement costs as a result of the contaminated product. In this action, Townsend sought to recover these costs from Göknur, plus compensatory and punitive damages.

The district court dismissed Göknur's Lanham Act counterclaim for failure to state a claim. A jury awarded Townsend $2.7 million for underlying settlements and associated litigation expenses and $4.8 million in punitive damages. The district court denied Göknur's motion for judgment as a matter of law on punitive damages. The court also denied Townsend's motion to alter or amend the judgment or, alternatively, for a new trial on damages, which requested enforcement of the parties' damages stipulation. Finally, the district court

dismissed Townsend's claims for declaratory relief and violation of the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200. We have jurisdiction over the parties' appeals pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

1. The district court correctly dismissed Göknur's claim for false advertising. The Lanham Act holds liable "[a]ny person who . . . in commercial advertising or promotion, misrepresents the nature, characteristics, quality, or geographic origin of his or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B). Here, Göknur's false advertising claim fails as a matter of law because Townsend's recall press release did not propose a commercial transaction. *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1181 (9th Cir. 2003) (quoting *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 422 (1993)). Therefore, it was not "commercial advertising" for purposes of the Lanham Act. *Id.*

2. The district court did not abuse its discretion in refusing to adjust the jury's compensatory damages award. Göknur and Townsend stipulated only that Townsend and its insurers spent approximately $13.7 million in "settlement" costs, and that these costs were reasonable. But the damages stipulation failed to discuss who was responsible for those costs. Therefore, in seeking equitable indemnification, Townsend bore the burden of proving the degree of Göknur's

4

fault in causing the stipulated damages. *See Great W. Drywall, Inc. v. Interstate Fire & Cas. Co.*, 74 Cal. Rptr. 3d 657, 663 (Cal. Ct. App. 2008); *Gem Developers v. Hallcraft Homes of San Diego, Inc.*, 261 Cal. Rptr. 626, 629–30 (Cal. Ct. App. 1989). Thus, it was not an abuse of discretion for the district court to instruct the jury to consider apportionment of fault. The jury's award of less than Townsend's full stipulated losses was an implicit finding that Göknur was not fully at fault.

3. Under California law, Townsend was required to produce "meaningful evidence of the defendant's financial condition" in order to obtain punitive damages. *Adams v. Murakami*, 813 P.2d 1348, 1349 (Cal. 1991). Townsend provided evidence of Göknur's income and assets, but none about its expenses and liabilities. "In most cases, evidence of earnings or profit alone are not sufficient 'without examining the liabilities side of the balance sheet.'" *Baxter v. Peterson*, 58 Cal. Rptr. 3d 686, 691 (Cal. Ct. App. 2007) (quoting *Kenly v. Ukegawa*, 19 Cal. Rptr. 2d 771, 776 (Cal. Ct. App. 1993)); *see also Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1361 (9th Cir. 1994) ("The rule established by lower California courts is that only net, not gross, figures are relevant."). Because a reasonable jury could not have relied on evidence of assets and income alone to arrive at a measure of Göknur's financial condition or net worth without speculation, the award cannot stand. "When a punitive damage award is reversed based on the insufficiency of the evidence, no retrial of the issue is required" if the plaintiff "had 'a full and fair opportunity to

present his case for punitive damages.'" *Baxter*, 58 Cal. Rptr. 3d at 692 (quoting *Kelly v. Haag*, 52 Cal. Rptr. 3d 126, 131 (Cal. Ct. App. 2006)).  We thus "remand to the district court with instructions to dismiss the punitive claims." *Kaffaga v. Estate of Steinbeck*, 938 F.3d 1006, 1019 (9th Cir. 2019).

4.  Townsend Farms contends that the district court erred in denying relief under the UCL because of its "mistaken interpretation that the jury did not find Göknur fully liable for the pomegranate adulteration."  But the district court's interpretation was not mistaken.  The decision of the district court is affirmed.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**.
Each party shall bear its own costs.